UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS W. COLLINS,

        Petitioner,

           v.                            CAUSE NO. 3:20-CV-326-RLM-MGG

WARDEN,

        Respondent.

## OPINION AND ORDER

Thomas W. Collins, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (IYC-19-10-155)) at the Indiana Correctional Industries in which a disciplinary hearing officer found him guilty of committing battery against another offender in violation of Indiana Department of Correction Offense 102. Following a hearing, on November 4, 2019, he was sanctioned with a loss of one hundred eighty days of earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Collins argues that he is entitled to habeas relief because: (1) the correctional officer who wrote the conduct report wasn't present when the battery occurred; (2) correctional staff found no marks on his body that would suggest a involvement in a physical altercation; (3) the administrative record included no video footage of the battery or statements from witnesses who had heard him or

the victim; and (4) a correctional officer told him that "there was nothing to write

up."

> [T]he findings of a prison disciplinary board [need only] have the
> support of some evidence in the record. This is a lenient standard,
> requiring no more than a modicum of evidence. Even meager proof
> will suffice, so long as the record is not so devoid of evidence that
> the findings of the disciplinary board were without support or
> otherwise arbitrary. Although some evidence is not much, it still
> must point to the accused's guilt. It is not our province to assess
> the comparative weight of the evidence underlying the disciplinary
> board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a

correctional officer represented an inmate with facial injuries told him that Mr.

Collins had punched him. The correctional officer further represented that a

video recording revealed that Mr. Collins and the victim argued and briefly went

behind a wall outside of the view of the camera and that, a few minutes later,

the victim emerged with facial injuries. It also includes a summary of the video

recording consistent with the conduct report. The conduct report and the video

summary constitute some evidence to support a finding that Mr. Collins had

committed battery. Therefore, the arguments suggesting that the hearing officer

lacked sufficient evidence to find Mr. Collins guilty is not a basis for habeas relief.

Because Mr. Collins hasn't asserted a valid claim for habeas relief, the

habeas petition is denied. Mr. Collins doesn't need a certificate of appealability

to appeal this decision because he is challenging a prison disciplinary

proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). He

can't proceed in forma pauperis on appeal because the court finds pursuant to

28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition;

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Thomas W. Collins leave to proceed in forma pauperis on appeal.

SO ORDERED on November 30, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT